UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

FILED
MAR 2 5 2005
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

Charles Painter
_____
_____
_____

**NAME OF THE PLAINTIFF OR PLAINTIFFS**
(Enter above the full names of each plaintiff in this action.)

- vs -

Webster University, July Fix, Joanna Owens, David Curl Wilson, James Staley

**NAME OF THE DEFENDANT OR DEFENDANTS**
(Enter above the full name of ALL defendant(s) in this action. Fed. R. Civ. P. 10(a) requires that the caption of the <u>complaint</u> include the name of all the parties. Please attach additional sheets if necessary.)

Case No. 4:05CV00484SNL

**COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3).

2. Plaintiff Charles Painter
   (name of plaintiff)
   resides at: 4771 Maffit , St. Louis
   (street address)        (city)
   MO , 63113 .
   (state)   (ZIP code)

Phone: (314) 381-3719 .

3. The defendant __Webster University__
                    (name of defendant)

is an employer, employment agency, or labor organization, as defined in 42 U.S.C. § 2000e, and lives at or its place of business is located at:

_____, _____,
(street address)         (city)

_____, _____, _____.
(county)                 (state)                 (zip code)

NOTE: IF THERE IS MORE THAN ONE PERSON FILING THE COMPLAINT OR IF YOU ARE SUING MORE THAN ONE PERSON OR COMPANY, PLEASE ADD THE NAMES AND ADDRESSES OF THE ADDITIONAL PERSONS OR COMPANIES ON A SEPARATE SHEET OF PAPER. COPY THE LANGUAGE IN PARAGRAPHS 2 AND 3 FOR ADDITIONAL PLAINTIFFS OR DEFENDANTS.

4. The address at which plaintiff sought employment or was employed by the defendant(s) is:  _____,
                                                (street address)

_____, _____, _____, _____.
(city)      (county)         (state)           (zip code)

5. Defendant discriminated against the plaintiff in the manner indicated in paragraphs 9 and 10 of this complaint on or about: _____.
          (month)   (day)    (year)

6. Plaintiff filed charges against the defendant with the Missouri Commission on Human Rights, charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint, on or about _____.
                                (month)   (day)    (year)

2

7. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission, charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint, on or about _____.
         (month)     (day)      (year)

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter which was received by the plaintiff on _____, a copy of which is attached to
   (month)   (day)   (year)
this complaint.

9. The acts that I complain of in this suit, concern defendant's:

   (a) _____ failure to employ me.

   (b) _____ termination of my employment.

   (c) _____ failure to promote me.

   (d) _____ other acts (specify): _____

_____

_____

10. Defendant's action(s), as stated in paragraph 9, is discriminatory with respect to the following:

   (a) _X_ my race.              (d) _____ my national origin

   (b) _____ my religion.     (f) _____ other (specify)

   (c) _X_ my sex.

3

11. The circumstances under which defendant(s) discriminated against the plaintiff were as follows **(Note: if you are suing more than one defendant, please complete this question with regard to each of the named defendants):** Joanna Owens, a white female instructor, who taught real estate law did not grade plaintiff's Water Rights paper and return it back in a timely manner and he feels this was disparate treatment against him. Ms Owens placed the word incomprehensible on it without grading it or placing any comments on it. Joanna only turned in the paper when she filed an affidavit in court. Plaintiff only saw it when he read the affidavit. Plaintiff only saw the paper at that time and she never gave it back to him to see what grade he received on it a few days after he gave it to her. If Ms Owens graded the other students' test papers and research papers, plaintiff felt she should have graded his also.

(Attach additional sheets as necessary.) additional sheets are attached starting with page 2

4

2

Ms.Owens committed disparate treatment against plaintiff in this regard. Plaintiff took out a loan to pay for the course and had a property interest in it just like the white students who's research papers and quizzes were graded. Plaintiff did not know the word incomprehensible was placed at the top of his paper because it was not returned to him graded. Plaintiff feels a grade on his Water Rights paper may have made a difference in his overall grade. Plaintiff found out his Water Rights paper had the term incomprehensible on it after Ms.Owens turned in an affidavit to the court with his paper attached to it which was not graded and no comments were on it. Professor Owens was suppose to make comments on plaintiff's Water Rights paper so that he would know how to write a better one but this was not done by professor Owens because of a bias attitude against plaintiff. Professor Owens did not take into consideration the amount of work which went into writing the paper. Plaintiff felt it was because of his race and sex he was treated this way. She could have spoken to him about the paper so that he could have written a better one.

Julie Fix committed disparate treatment against plaintiff when she did not return his Fourth Amendment paper back to him on search and seizures which was a class project. It was turned in on the day plaintiff was suppose to meet with her but he got caught in a rainstorm that night and was late getting there but made it out to the university and placed the paper in her mailbox. Julie did not use a book for this class and

3

there were no resources to use to improve your papers. Most of the students in this class had her for legal writing one and knew what she wanted when it came to writing her papers but plaintiff did not have that opportunity. If the other students' Fourth Amendment papers were graded his Fourth Amendment paper should have been graded and returned back to him. There was no notice given by both professors he was in danger of failing their classes.

David Carl Wilson

This school administrator committed disparate treatment against plaintiff when he spoke to Julie Fix and Joanna Owens who were white about the manner they graded plaintiff who was black but did not speak to him or have a hearing. Plaintiff wrote letters to Dr.Neil George President of Academic Affairs who did not respond but had James Staley Vice President of Academic Affairs to write back but did not tell plaintiff how he was graded by both professors or the fact that his Water Rights paper and Fourth Amendment papers were not graded.

James Staley, PHD. Associate Vice President for Academic Affairs committed disparate treatment against plaintiff by not talking to him about those two professors not grading his research papers and only reviewing what the professors said and not talking to him because he was black. Before making the decision to dismiss a hearing should have been given to plaintiff. Copies of the letters to Dean Wilson went to Dan Hellinger chairman of the legal studies program and Tina Hart

4

who is the director but they never responded.

In a letter to Dean David Wilson it said the following : Thanks for taking the time to read my letter and before I take legal action I will let the university try to work things out.

Those two school administrators should have advised plaintiff of his rights to an appeal instead of sending him information for reinstatement but this was not done.

Plaintiff is using the following : Civil Rights 118.127.1 civil rights statute barring race discrimination in contracts prohibit certain racially motivated and purposely discriminatory acts and it applies to private as well as state actors including independent academic institutions 42 U.S.C.A. section 1981

Plaintiff is using Constitutional Law 278.5 (6) To establish a violation of substantive dueprocess a dismissed university student must demonstrate arbitrary and capricious conduct on the part of university officials by showing that there was rational bases for the university's decision or must show that the dismissal was motivated by bad faith or ill will unrelated to academic performance U.S.C.A.Const. Amend 14.

Not grading plaintiff's research papers is showing ill will and disparate treatment against him. Plaintiff is charging race and sex discrimination under the 1964 Civil Rights bill and race discrimination under 42 U.S.C.A 1981. Not grading plaintiff' research papers is disparate treatment against him when both professors graded the other students papers and quizzes and not his. School administrators who spoke to both white

5

instructors about his problems and not him who is black is disparate treatment against him.

Title 1X

Judge Limbaugh said that recipients of federal funds are liable only for the damages that arise from their misconduct.

Plaintiff took out over two thousand dollars in federal loans to pay for his courses giving him a property interest in them. When his Water Rights paper was not graded by Joanna Owens it hurt plaintiff's attempts to get a passing grade of B.

Incomprehensible can not be averaged into a grade for plaintiff. Ms.Owens did not give this paper back to plaintiff and feels this injustice should not be supported by the court. If Joanna ever said that word would be given for a grade everyonelse's paper should have been graded this way too.

Julie Fix did not return his Fourth Amendment rights paper on searches and seizures when he placed it in her mailbox. This was a class assignment and if she graded the other students' Fourth Amendment rights papers she should have graded his too. Letters were sent to school administrators letting them know what was taking place but nothing was done about it.
Julie did not use a book for this course. How did plaintiff know what type of papers she wanted him to write without a book to use to look up references. Julie said getting a book was optional. Instructors must teach from the books they recommend students to buy but Julie did not do this.

Section 1981 Due Process

Staley and Wilson spoke to professor's Fix and Owens who were white and not him who was black about the way he was graded. This is disparate treatment against him. There are two sides to an issue and to not hear plaintiff's account is only basing their decisions on what the instructors told them. Plaintiff should have been given the opportunity to speak with them also. Plaintiff went to university officials asking about the appeals process because he was not aware of it. Damages took place when plaintiff took out a loan to pay for those courses and his Water Rights and Fourth Amendment rights papers were not graded. A breach is created when both instructors did not grade those papers and return them back to him. Plaintiff went to Florissant Valley Community College and received an A in Legal Writing 11 and the instructor used a book for that class.

The college officials were alerted to the fact that plaintiff was being discriminated against but failed to advise him of his appeal rights. Plaintiff told his advisor at the time this discrimination was taking place. Plaintiff left messages on Robbie Rossie 's voicemail secretary for the legal studies program when these unlawful actions were taking place. He wrote to university officials. The school handbook gives plaintiff the rights to an appeal and university officials should have told him about it because this is why he wrote them. Plaintiff did apply within a year. If university officials only spoke

7

to the two professors who were white and female and not him who was black is race, sex, and disparate treatment against plaintiff. Will the Court ask the school officials why didn't they speak to him too.

Defendant owed plaintiff a duty of care when both of them did not grade his papers resulting in him getting low grades and expelled from the university. Plaintiff does not have to establish a legal authority to explain that one is already in place when instructors are suppose to grade all of their students 'papers and return them not when he files a court petition. Webster University receives federal funds and by law they can not discriminate against plaintiff when their instructors graded the other students' research papers and not his.

7

to the two professors who were white and female and not him who was black is race, sex, and disparate treatment against plaintiff. Will the Court ask the school officials why didn't they speak to him too.

Defendant owed plaintiff a duty of care when both of them did not grade his papers resulting in him getting low grades and expelled from the university. Plaintiff does not have to establish a legal authority to explain that one is already in place when instructors are suppose to grade all of their students 'papers and return them not when he files a court petition. Webster University receives federal funds and by law they can not discriminate against plaintiff when their instructors graded the other students' research papers and not his.

12. The acts set forth in paragraph 9 of this complaint are:

    (a) _____ still being committed by the defendant.

    (b) _____ are no longer being committed by the defendant.

    (c) _____ may still be being committed by the defendant.

13. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission, and submits said charges as a brief statement of the facts supporting this complaint.

Wherefore, plaintiff prays for (state what relief is sought): $1,000,000 punitive, $1,000,000 compensatory, 1,000,000 negligence, 1,000,000 due process violation

and such other relief as the Court would allow under Title VII of the Civil Rights Act of 1964, as amended.

Signed this 23 day of March, 2005.

_Charles Painter_
Signature of Plaintiff(s)

5